Judge Robertson
delivered the opinion of the court.
Kilburn loaned to the plaintiffs in error, $37 50 cents, in specie, (when the paper of the bank of the commonwealth was at a depreciation of “too for one,) for which they executed their note to him, tor $90 in commonwealth’s, notes, payable one year after the date.
Kilburn recovered a judgment on the note, for $90 in commonwealth’s paper.
The plaintiffs obtained an injunction on the allegation of usury, which injunction'was dissolved on the bill and answer. And the only question presented by the record, is, whether the contract was usurious.
No one shall reserve more than six per cent, for the loan to another, of money; nor for the loan of property, more than six per cent, on the specie value of the property, at the time of the loan. Hence, if $100 in commonwealth’s paper be loaned, when it is “too for onef and the borrower agree to pay for it, in a year, *495 $100 in specie; this is usurious, because more than six per cent, is reserved for forbearance, the amount loaned being only $50 in value.
Triplett, for plaintiff; Caperton, for defendant.
But if, when the paper currency was in the progress of depreciation, a loan had been made of specie, to be refunded at a future day, in depreciated paper, of greater value, at the time of the loan, than the principal and legal interest, this would not necessarily be an usurious reservation.
The lender risks the prospective value of the paper. This value is variable and contingent. It is the subject of speculation. If the paper continue to depreciate, until the loan become due, the lender will loose,perhaps, the interest, and a portion of the principal'. If it appreciate, he may gain. He hazards the consequence. No one could decide, when the ;loan in this case was made, that it was, or would be, usurious. If it were not usurious when the note was executed, it could not be made so by any subsequent events, over Which the parties could have no control. At the timé of the loan, the paper value of $37 50 was $75. Ifjin one year, the paper had depreciated only 25 per cent.,- the lender' would have lost by the loan.
“Contracts, depending on contingencies,- real and not merely colorable, may secure more than legal interest, without coming within the definition of usury, or violating the spirit of the law. Because,- in those cases, there is a risk; and as there might be a loss ón the one hand, so on the other, there may be a gain.” Heytle vs. Logan, 1 Mar. 531. “When there is a hazard that the plaintiff may have less than his principal, it is no usury.” 7 Ba. Abr. tit. usury, D. See also Spencer vs. Jansen, 1 Atkins, 301.
There is no evidence, that there was any device or indirection in this case, to elude the statute against usury.- And it cannot be reasonably inferred, that there was any such design.-
It is clear, thereforej oh principle, as well as authority, that the contract in this case, is not usurious.
Wherefore, the decree is affirmed, with costs and damages.